**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

STOUT LAW GROUP, P.A.
400 E. Pratt Street
8th Floor
Baltimore, Maryland 21202

    Plaintiff

v.

INTEGRATED CANNABIS SOLUTIONS, INC.       Case No.:
6810 N. State Road Seven
Coconut Creet, Florida 33073

Serve on Resident Agent:
CORPORATE ADMINISTRATIVE SERVICES, INC.
1955 Baring Blvd
Sparks, Nevada 89434

    Defendant

## COMPLAINT

Plaintiff, STOUT LAW GROUP, P.A., ("PLAINTIFF"), by and though its counsel, Matheau J. W. Stout, Esq. files this Complaint against INTEGRATED CANNABIS SOLUTIONS, INC. ("IGPK"), and alleges:

1. This action is instituted pursuant to 15 U.S.C § 77c(a)10 (Section 3(a)(10) of the Securities Act of 1933, hereinafter "Section 3(a)(10)") for the issuance of common stock in exchange for other securities and/or claims against the same public company owned by the Plaintiff.

2. This Court has jurisdiction over the parties hereto based on the Federal Statute.

3. Venue is proper in the Northern District.

4.     Plaintiff is a law firm, organized as a Maryland professional association, which is beneficially owned by the undersigned, Matheau J. W. Stout, Esq. who is owed past due legal fees by the Defendant for corporate and securities legal work performed from October 1, 2014 to November 15, 2015.

5.     Defendant, IGPK is a publicly traded corporation, domiciled in Nevada and headquartered in Florida, which has formerly conducted business in Maryland, and which has the ability to issue securities under Section 3(a)(10).

6.     Plaintiff holds a bona fide claim against Defendant in the principal amount of $38,887.38 (the "Claim Amount"), which is documented by a Convertible Promissory Note issued in that principal amount on November 16, 2015 (the "Note") and signed by IGPK's former Chief Executive Officer, J. Zev Jankovic, CPA.  A copy of the Note, including the spreadsheet appended thereto detailing the monthly attorney's fees of $2,777.67 accruing from October 1, 2014 through November 1, 2015 which together comprise the Claim Amount, is attached hereto as Exhibit A.

7.     In further support of the origin and history of the Plaintiff's Claim, attached hereto is a copy of IGPK's last public filing for the period ending September 30, 2015, which detail's Stout's name as legal counsel under Item 9 "Third Party Service Providers" and which confirms the accrural of the quarterly legal fee, *"$8,333 was to Matheau Stout, Esq. for legal fees provided to the Company…"*  The aforementioned September 30, 2015 disclosure and financial statements for IGPK are attached hereto as Exhibit B.

8.     In nearly three years since IGPK issued the Note, IGPK's state filings and OTCMarkets.com filings have been delinquent, but within the past few weeks IGPK has

updated its Nevada filings and OTCMarkets.com profile with new contact information, which indicates that new management may be close to publishing updated public filings.

9. However, Plaintiff has not been contacted by new IGPK management, and for this reason Plaintiff justifiably believes that IGPK's new financial statements may not reference the Note, or Plaintiff's Claim for past due legal fees, thus giving rise to the urgency in filing the present lawsuit.

10. Due to the difficulties in depositing stock for cannabis related companies in the United States at the present time, and due to IGPK's three year delinquency in its public filings, Plaintiff knows of no stockbroker which will allow Plaintiff to deposit IGPK stock into a brokerage account without a federal court order recognizing an exemption from registration under the Securities Act of 1933, and thus it is impossible for Plaintiff to recoup its losses without relief under Section 3(a)(10).

11. IGPK's public securities filings have not been updated in more than three years, and its last known public filing from 2015, which is Exhibit B hereto, details IGPK's inability to repay Plaintiff using cash, and Plaintiff seeks a settlement pursuant to Section 3(a)(10) of the Securities Act of 1933 whereby IGPK would be bound by a federal court order to reserve sufficient shares of its common stock in order to abide by the terms of the Order, and thereafter that IGPK would issue shares of its publicly traded common stock to Plaintiff when requested in tranches, as payment for the settlement of Plaintiff's Claim under Section 3(a)(10).

12. The Note contains conversion metrics which the Plaintiff and Defendant have previous agreed to under Section 2 of the Note, namely that

> The Holder of this Note is entitled, at its opinion, any time after the issuance of the Note, to convert all or any lesser portion of the Outstanding Principal Amount and

accrued but unpaid Interest into Common Stock of the Issuer (the "Common Stock") at the lower of (a) $0.02 or (b) a 50% discount from the lowest bid price in the 30 days prior to the day that the Holder requests conversion, unless otherwise modified by mutual agreement between the Parties (the "Conversion Price")....:"

such that it is possible for this Honorable Court to approve the settlement of Plaintiff's Claim using this same language, which would require IGPK to irrevocably reserve a sufficient number of shares of IGPK's common stock at its Transfer Agent, such that the conversion metrics in the Note would be honored by IGPK's new management at such time as Plaintiff chooses to request the issuance of such shares of IGPK common stock.

13. For the foregoing reasons, Plaintiff has suffered a considerable loss which can only be remedied under Section 3(a)(10), which necessitates this present action.

14. Section 3(a)(10) requires that a hearing be conducted as to the fairness of the terms and conditions of the exchange of claims for securities, and those terms and conditions were already agreed to by the Parties in the Note.

WHEREFORE, Plaintiff requests this Honorable Court award damages to Plaintiff in the amount of $38,887.38, plus accrued interest, and court costs, and to schedule a hearing to determine the fairness of a proposed settlement involving the exchange of the Claim Amount for shares of IGPK common stock under the terms and conditions set forth in the Note, and for such other and further relief as is deemed appropriate.

Respectfully submitted,

_____/s/_____
*/s/ Matheau J. W. Stout*
Matheau J. W. Stout (28054)
400 E. Pratt Street, 8th Floor
Baltimore, Maryland 21202
(410) 429-7076 Tel
(888) 907-1740 Fax

*Attorney for Plaintiff*
